### MADDOCK v. MAGONE.

*(Circuit Court, S. D. New York. January 6, 1890.)*

CUSTOMS DUTIES—CLASSIFICATION—A B C PLATES—DECORATED EARTHENWARE.
    Plates and mugs, decorated with pictures and with the letters of the alphabet, and intended for children, known in trade as A B C plates and mugs, found by a jury not to be toys mentioned in schedule N of the tariff act in the provision for "dolls and toys of all kinds," and therefore *held* dutiable as "decorated earthenware."
*(Syllabus by the Court.)*

At Law. Action to recover duties.

Plaintiff imported into the port of New York certain plates and mugs decorated with the letters of the alphabet, and with pictures, of sizes fit for use at the table, and designed for use by children. They were known in trade as A B C plates and mugs. There was conflicting testimony on the point whether they were classed among merchants and dealers as toys.

*Charles Curie* and *Stephen G. Clarke*, for plaintiff.

*Edward Mitchell*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J., *(charging jury.)* The point submitted to you is a very narrow one. You are simply to answer "Yes" or "No" to the question whether these goods are toys. If you make any distinction between the different articles, you will state that distinction when you return your verdict. You have heard the evidence, and all that there is for me to do in leaving the case in your hands is to give you the definition of the word "toy:" "A toy is a plaything; a thing the main use or purpose of which is the amusement of children." Bearing that definition in mind, and instructed by the evidence, you will determine as to these articles whether they are or are not toys. The burden proof is, of of course, upon the plaintiff, as it is in all these cases. He must satisfy you by a fair preponderanec of evidence that his side of the case is made out; otherwise the presumption is that the collector, a public officer, rightly decided.

The jury found a verdict for the defendant.